Jasen, J. (dissenting).
Defendant was convicted of manslaughter in the first degree, and sentenced in 1964 to imprisonment for a term of from 20 years to life as a fourth felony offender. On this motion for resentence, defendant attacks the validity of two of the three prior felony convictions which constitute the predicate for his sentence as a fourth felony offender. The motion was denied without a hearing as being without merit.
Defendant contends in this court that he is entitled to a hearing on his unsupported assertions that a 1939 New York conviction for third degree burglary and a 1950 North Carolina assault conviction were obtained in violation of his constitutional rights.
On the record before us, I am of the opinion that defendant has failed to rebut the presumption of regularity of criminal proceedings by “ contrary substantial evidence ”. (People v. Richetti, 302 N. Y. 290, 298; People v. Smyth, 3 N Y 2d 184, 187.)
Defendant asserts that his 1950 North Carolina conviction is invalid because his plea of guilty was “ coerced ” by the fact that an all-white jury had been selected to try him. It is settled that a mere assertion that a jury was entirely composed of white persons, without showing that it was unconstitutionally chosen, is insufficient to establish denial of a constitutional right. (Swain v. Alabama, 380 U. S. 202.) The Trial Judge, therefore, correctly held that defendant was not entitled to a hearing on this unsupported assertion, and it appears that the majority agrees with this portion of the trial court’s decision.
*768 However, the majority would reverse and order a hearing upon defendant’s claim that he was not represented by counsel when he pleaded guilty to third degree burglary in the Kings County Court on April 19, 1939. I cannot agree.
That defendant waited over 27 years before raising the contention that he was not represented by counsel at the time of his 1939 conviction is an indication of the falsity of this assertion. (Cf. People v. Nixon, 21 N Y 2d 338, 352.) Further, defendant’s claim that he “was without Counsel at all stages of the proceeding against him ’ ’ is refuted by the record. The indictment charging burglary contains the notation that attorney “ S. Drescher ” was assigned to represent defendant and the name of this attorney appears in the New York Law Journal on the date of defendant’s plea as having represented him. (N. Y. L. J., April 19, 1939, p. 1797, col. 3.) Indeed, defendant cavalierly admits that he is aware of the notation on the indictment, “ but is unable to attach any meaning to the notation ”. The fact that a copy of the indictment contains no notation to the printed question, “ Counsel Assigned Yes No ”, cannot create an inference that defendant was not represented by counsel in view of the clear and affirmative notation on another part of the same document that he was in fact assigned counsel. Indeed, a significant indication of the lack of factual basis for defendant’s assertion is the fact that there is no evidence that defendant made the slightest effort to procure an affidavit from the attorney whose name appears on the indictment as having been assigned to represent him and appears in the New York Law Journal as having represented him. (People v. Scott, 10 N Y 2d 380.)
The fact that the stenographic minutes of defendant’s plea are unavailable at this time, 30 years after defendant’s conviction, is not surprising nor unusual and cannot raise an inference that defendant was not represented by counsel. (Cf. People v. Corcoran, 3 A D 2d 955 [3d Dept., 1957].)
As against defendant’s naked assertion based solely upon his unsubstantiated recollection of his conviction 27 years earlier, I believe that the courts below were entitled to accept the written court record and contemporaneous newspaper account as unquestionable documentary proof conclusively refuting defendant’s assertion. (People v. Corcoran, supra; People v. Chait, 7 A D 2d 399, 405 [1st Dept., 1959], affd. 6 N Y 2d 855; People v. *769 Cornish, 21 A D 2d 280 [1st Dept., 1964].) A fortiori, defendant has failed to overcome the presumption of regularity attaching to criminal proceedings.
Accordingly, the order affirming the denial of defendant’s motion for resentence without a hearing should he affirmed.
Chief Judge Fuld and Judges Burke, Bergan and Breitel concur; Judge Jasen dissents and votes to affirm in an opinion in which Judge Scileppi concurs.
Order reversed and case remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein.